NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

_____
                                  :
GEORGE CHEW,                      :
                                  :
              Plaintiff,          :   Civil Action No. 10-4567 (JAP)
       v.                         :
                                  :   **OPINION**
UNITED STATES DEPARTMENT OF       :
HOUSING AND URBAN                 :
DEVELOPMENT and TRENTON           :
LUTHERAN HOUSING CORPORATION,     :
jointly, severally and in the alternative, :
                                  :
              Defendants.         :
_____:

PISANO, District Judge.

Before the Court is Defendant the United States Department of Housing and Urban Development's ("HUD") motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). The motion is unopposed. For the following reasons, the Court will grant the motion.

**I.    BACKGROUND**

On Septmber 7, 2010, Plaintiff George Chew commenced this action against HUD and the Trenton Lutheran Housing Corporation ("Trenton Lutheran"). Plaintiff's claims stem from an alleged slip and fall accident on September 12, 2008 at the laundry room facility in his residence (the "Premises") in Trenton, New Jersey. Plaintiff alleges that HUD was the mortgagee in possession of the Premises at the time of the incident and that Trenton Luther was the record title holder.

Plaintiff instituted this suit pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §1346(b). He includes as an exhibit to his Complaint a letter indicating that he was represented by counsel and a partially completed Standard Form 95 ("SF-95") claim form for injuries that he submitted to HUD on December 2, 2008. On November 3, 2010, HUD filed the instant motion in lieu of an Answer, seeking to dismiss the matter for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).[1]

## II.    DISCUSSION

"It long has been established . . . that the United States, as sovereign, 'is immune from suit save as it consents to be sued.'" *United States v. Testan*, 424 U.S. 392, 399, 96 S. Ct. 948, 953 (1976) (quoting *United States v. Sherwood*, 312 U.S. 584, 586, 61 S. Ct. 767, 769). Its consent to be sued, furthermore, must be unequivocally expressed, "and the terms of such consent define the court's subject matter jurisdiction." *White-Squire v. U.S. Postal Service*, 592 F.3d 453, 456 (3d Cir. 2010) (citing *United States v. Mitchell*, 445 U.S. 535, 538, 100 S. Ct. 1349 (1980)).

The FTCA grants a limited, qualified waiver of the Federal government's sovereign immunity. *Id.* (citing *Roma v. United States*, 344 F.3d 352, 362 (3d Cir.2003)). It provides Federal district courts with the following subject matter jurisdiction:

> [T]he district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

---

[1] On March 21, 2011, the other defendant in the case, Trenton Lutheran, was dismissed from the case without prejudice, for failure to effect service, pursuant to Federal Rule of Civil Procedure 4(m).

28 U.S.C. § 1346(b)(1).  "Because the Federal Tort Claims Act constitutes a waiver of sovereign immunity, the Act's established procedures have been strictly construed." *White-Squire v. U.S. Postal Service*, 592 F.3d 453, 456 (3d Cir. 2010) (quoting *Livera v. First Nat'l State Bank of N.J.*, 879 F.2d 1186, 1194 (3d Cir.1989)).

   The established procedures provide that no person may bring a tort claim against the United States unless that person has "first presented the claim to the appropriate Federal agency and [the] claim shall have been finally denied by the agency in writing and sent by certified or registered mail."  28 U.S.C. § 2675(a).  This prerequisite to suit is jurisdictional and cannot be waived.  *Bialowas v. United States*, 443 F.2d 1047, 1049 (3d Cir. 1971).  "For purposes of the provisions of 28 U.S.C. § . . . 2675, a claim shall be deemed to have been presented when a Federal agency receives from a claimant . . . an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident . . . ."  28 C.F.R. § 14.2(a).

   The Third Circuit has clearly noted that "[t]o be properly presented to the federal agency, the damages claim must be for a sum certain." *Deutsch v. United States*, 67 F.3d 1080, 1091 (3d Cir. 1995) (citing 28 C.F.R. § 14.2(a)).  Indeed, the request for a sum certain is a "jurisdictional prerequisite[] to a suit under the FTCA." *Id.* (citing *Corte–Real v. United States*, 949 F.2d 484, 485-86 (1st Cir. 1991)).  The Third Circuit has concluded:

> Accordingly, to remove any doubt on this point, we hold that the sum certain requirement contained in § 2675(b) is jurisdictional. Thus, a claimant's failure to present her FTCA claim to the appropriate agency with a sum certain, as required by § 2675(b), compels the conclusion that a district court lacks subject matter jurisdiction over the claim.

*White-Squire*, 592 F.3d at 457-58.

In the instant case, Plaintiff has not presented his claim to the appropriate agency with a sum certain. His partially completed SF-95, on which he relies in his Complaint for the proposition the he fulfilled the administrative requirements of the FTCA, contains nothing in the boxes under "amount of claim." Compl., Exh. A. There is nothing in the SF-95, nor any other submissions to HUD or to this Court that suggest he otherwise presented a claim to HUD with a sum certain. Accordingly, this Court lacks subject matter jurisdiction over Plaintiff's claim and it must be dismissed.

Finally, Plaintiff's claim must be dismissed with prejudice due to the statute of limitations. Under the express terms of the FTCA, "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . . ." 28 U.S.C. § 2401(b). The date of Plaintiff's injury was September 12, 2008. Thus, more than two years have passed since the accrual of Plaintiff's claim, forever barring him from asserting it under the FTCA. Accordingly, Plaintiff's Complaint will be dismissed with prejudice.

## III.   CONCLUSION

The Court concludes that it lacks jurisdiction over Plaintiff's claim because he failed to properly present his claim to the appropriate Federal agency under the FTCA. Accordingly, Plaintiff's Complaint will be dismissed. An appropriate order shall issue.

/s/ JOEL A. PISANO
United States District Judge

Dated: May 23, 2011